**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4904**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DANIEL T. MONAHAN,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.   (3:09-cr-00010-JFA-1)

_____

Submitted:  November 22, 2010      Decided:  December 23, 2010

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, Winston D. Holliday, Jr., Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel T. Monahan appeals his conviction and sentence entered after he pled guilty to mail fraud, in violation of 18 U.S.C. § 1341 (2006). The Government seeks to enforce the appeal waiver contained in the plea agreement and moves to dismiss the appeal. Having found that Monahan voluntarily and knowingly entered into the plea agreement and that the appeal waiver was enforceable, we deferred action on the Government's motion until receipt of the briefs in order to determine whether Monahan raised any issues that fell outside the scope of the appeal waiver. Having received the briefs and considered the issues, we grant the motion to dismiss the appeal as to those issues within the scope of the appeal waiver. With regard to the remaining issue raised by Monahan, we affirm the conviction and sentence.

Monahan's plea agreement contained the following waiver of his appellate rights:

> The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance or prosecutorial misconduct.

2

Monahan's claims that the district court erred in determining for sentencing purposes the amount of loss, imposing a sentencing enhancement for use of sophisticated means and not understanding the discretion it had at sentencing, are within the scope of the appeal waiver. Because we are enforcing the appeal waiver, we dismiss the appeal as to those issues.

Monahan's claim that counsel was ineffective for having him enter a plea agreement that he claims was invalid is not ready for review. While this claim falls outside the scope of the appeal waiver, claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Because the record does not conclusively establish Monahan's counsel was ineffective, we will not review this claim.

Accordingly, we grant the Government's motion to dismiss as to those issues within the scope of the appeal waiver

3

and affirm the conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>